IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRETT JOHN SHREVE,** | **CIVIL NO. 1:12-CV-0935** |
| **Plaintiff** | |
| v. | |
| **DAUPHIN COUNTY PRISON; and PRIMECARE MEDICAL, INC.,** | **Judge Sylvia H. Rambo** |
| **Defendants** | |

# **M E M O R A N D U M**

Before the court is Defendant PrimeCare Medical, Inc.'s ("PrimeCare") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 12.) For the reasons set forth below, the motion will be granted.

## **I.    Background**[1]

On May 18, 2012, Plaintiff, a state prisoner proceeding *pro se* and *in forma pauperis* ("IFP"), commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983. Plaintiff's complaint concerns the adequacy of medical care that he received for a lipoma on his forehead. In the complaint, Plaintiff states that he has been incarcerated at Dauphin County Prison since December 18, 2011. (Doc. 1 ¶ 1.) Plaintiff alleges that "During this time frame of incarceration, I've been seen by the doctor/Physician assistant multiple occasions in the past 5 months. Physician assistant has prescribe [sic] [M]otrin for pain relief of headaches of my lipoma on my

---

[1] As required when deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations contained in the complaint.

forehead." (*Id.*)  Plaintiff alleges that the Motrin did not alleviate his headaches and believes that, based upon information given to him by other inmates, his lipoma may turn cancerous and could "burst in my forehead and the poison cancer can get into my blood stream and end up killing me."  (*Id.* ¶¶ 2, 3.)  Plaintiff claims that he "wasn't happy knowing the fact my lipoma can turn cancerous and I could die from this cancer."  (*Id.* ¶ 3.)  Plaintiff claims that he his entitled to proper medical treatment and requests that his lipoma be removed.  (*Id.* ¶¶ 1-3.)[2]

On June 7, 2010, Defendant PrimeCare filed a motion to dismiss and a brief in support.  (Docs. 12 & 13.)   The court did not receive a brief in opposition to the motion within the time allotted under Local Rule 7.6.  Accordingly, on June 27, 2012, the court issued a rule to show cause why Defendant's motion should not be deemed unopposed.  (Doc. 17.)  On July 6, 2012, Plaintiff filed a response to Defendant's motion (Doc. 19) as well as a motion for court appointed counsel (Doc. 18).

## II.       Legal Standard

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The complaint must do more

---

[2] The court notes that the complaint contains two sets of paragraphs, both numbered one through three.  This citation is referring to the second set of paragraphs numbered one through three, while the previous citations relate to the first three paragraphs.

than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted).  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (alterations in original).)  In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).  The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196.  Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly

relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted).  However, the court may not rely on other parts of the record in making its decision.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Finally, in the Third Circuit, a court must grant leave to amend before dismissing a civil rights complaint that is merely deficient.  *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247,252 (3d Cir. 2007); *Weston v. Pennsylvania*, 251 F.3d 420, 428 (3d Cir. 2001); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).  "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility."  *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### III.     Discussion

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-05 (1976).  To demonstrate a *prima facie* case of Eighth Amendment cruel and unusual punishment based on the denial of medical care, a plaintiff must establish that the defendant acted with "deliberate indifference to [his] serious medical needs."  *Estelle*, 429 U.S. at 104; *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993).  There are two components to this standard: initially, a plaintiff must make an "objective" showing that the deprivation was "sufficiently serious," or that the result of the defendant's denial was sufficiently serious.  Additionally, the plaintiff must make a "subjective" showing that the defendant acted with "a sufficiently culpable state of mind."  *Wilson v. Seiter*, 501

U.S. 294, 298 (1991); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).  Deliberate indifference may be manifested by an intentional refusal to provide medical care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury.  *Durmer*, 991 F.2d at 68; *see also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quoting *White v. Napolean*, 897 F.2d 103, 109 (3d Cir. 1990) (finding "deliberate indifference to serious medical needs" standard is met when pain is intentionally inflicted on a prisoner, where the denial of reasonable requests for medical treatment exposes the inmate to undue suffering or the threat of tangible residual injury, or when, despite a clear need for medical care, there is an intentional refusal to provide that care)); *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987).

   Further, this test "affords considerable latitude to prison medical authorities in the diagnosis and treatment of the medical problems of inmate patients.  Courts will 'disavow any attempt to second guess the propriety or adequacy of a particular course of treatment . . . which remains a question of sound professional judgment.'"  *Little v. Lycoming Cnty.*, 912 F. Supp. 809, 815 (M.D. Pa. 1996) (citing *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979), quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)).

   When an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist.  *Nottingham v. Peoria*, 709 F. Supp. 542, 547 (M.D. Pa. 1988).  Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim.  *Lanzaro*, 834 F.2d at 346.  Only flagrantly egregious acts or omissions can violate the standard.

Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White*, 897 F.2d at 108-10; *see also Estelle*, 429 U.S. at 105-06 (medical malpractice is an insufficient basis upon which to establish an Eighth Amendment violation); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence and medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'"); *Lanzaro*, 834 F.2d at 346 (mere allegations of malpractice do not raise issues of constitutional import).

In this case, Plaintiff claims that he has a lipoma. Plaintiff does not show that he has a serious medical need as a result of his lipoma, stating only that, based upon information received from other prisoners, he believes the lipoma could turn cancerous. Plaintiff also clearly states in his complaint that he had been examined multiple times for this condition and has received pain medication. Plaintiff believes that the lipoma should be removed or drained. In other words, Plaintiff disagrees with the medical treatment rendered. As stated, a disagreement over medical diagnosis and treatment does not rise to the level of a constitutional claim and the courts shall not second guess the propriety or adequacy of a particular course of treatment. Accordingly, Plaintiff's complaint will be dismissed.

Moreover, the complaint fails to name specific individuals as defendants and allege personal involvement of the alleged wrongs, a necessary requirement for the imposition of liability in a civil rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Rode v. Dellarciprete*, 845 F.2d 1195 (3d Cir. 1988). It is well-established that a "private corporation contracted by a prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only

be held liable for constitutional violations if it has a custom or policy of exhibiting deliberate indifference to a prisoner's serious medical needs." *Henry v. Buskirk*, 2011 U.S. Dist. LEXIS 18644, *9-10 (E.D. Pa. Feb. 4, 2011) (citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003) and *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690-92 (1978)).  Likewise, a county prison does not have legal capacity to be sued in its own name. *Birckbichler v. Butler Cnty. Prison*, 2009 U.S. Dist. LEXIS 84949, *18-20 (W.D. Pa. Sept. 17, 2009) (collecting cases).  A proper defendant could be Dauphin County, but the County would not be liable under respondeat superior, and would only be responsible for a policy or custom that caused injury to Plaintiff. *Watson v. Abington Twp.*, 478 F.3d 144, 155 (3d Cir. 2007).  The complaint contains no allegations of any policy or custom by PrimeCare or Dauphin County.  Thus, the complaint will be dismissed on this additional ground.[3]  Further, the court finds that it would be futile to allow Plaintiff to amend his complaint since he fails to state a constitutional claim. *See Fletcher-Harlee Corp*, 482 F.3d at 252.[4]

---

[3]   The court notes that while only Defendant PrimeCare moved to dismiss Plaintiff's complaint, this action is dismissed as to all Defendants, pursuant to the Prison Litigation Reform Act ("PLRA") screening procedures, for failure to state a claim. *See Bracey v. Price*, 2011 U.S. Dist. LEXIS 71186, *6 (W.D. Pa. July 1, 2011) (noting that where a prisoner is proceeding IFP, the court may dismiss a claim or the case *sue sponte* pursuant to the screening provision of the PLRA, 28 U.S.C. §§ 1915(e) and 1915A and 42 U.S.C. § 1997e(c), provided there was a ground for dismissal, such as failing to state a claim, that was not relied upon by a defendant in a motion to dismiss.)

[4]   Because the court will dismiss Plaintiff's complaint with prejudice, Plaintiff's motion for court appointed counsel (Doc. 18) will be deemed moot.

An appropriate order will be issued.

                                              s/Sylvia H. Rambo
                                              United States District Judge

Dated: July 12, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BRETT JOHN SHREVE,** : | **CIVIL NO. 1:12-CV-0935** |
| **Plaintiff** : | |
| v. : | |
| **DAUPHIN COUNTY PRISON; and PRIMECARE MEDICAL, INC.,** : | **Judge Sylvia H. Rambo** |
| **Defendants** : | |

# **O R D E R**

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED** that:

1) Defendant PrimeCare Medical, Inc.'s motion to dismiss the complaint (Doc. 12) is **GRANTED**.

2) Plaintiff's complaint is **DISMISSED** with prejudice.

3) Plaintiff's motion for court appointed counsel (Doc. 18) is deemed **MOOT.**

4) The Clerk of Court shall close this case.

5) It is certified that any appeal from this order will be deemed frivolous and not taken in good faith.

                                                    s/Sylvia H. Rambo
                                                    United States District Judge

Dated: July 12, 2012.